UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
**DORA LENDOS**                                           **CIVIL ACTION**

      **Plaintiff,**                                   **Index No.:**

    against                                               **JURY TRIAL DEMANDED**

**NATIONAL RAILROAD PASSENGER CORP.,**

      **Defendant.**                                  <u>**COMPLAINT**</u>
-------------------------------------------------------------X

    NOW COMES Plaintiff Dora Lendos, by and through her attorneys, FLYNN & WIETZKE, P.C. and ROME, ARATA, BAXLEY & STELLY, L.L.C. for her complaint against NATIONAL RAILROAD PASSENGER CORP., states as follows:

### PARTIES

    1.    Plaintiff Dora Lendos is an adult individual, residing at 2034 Balmoral Avenue, Union, New Jersey 07083, and is assigned to Defendant's New York (Manhattan) crew base.

    2.    Defendant National Railroad Passenger Corp. (hereinafter "Amtrak"), its predecessors, subsidiaries, agents, servants and employees, at all times pertinent herein was and is a domestic corporation, engaged in the business of a common carrier by railroad in interstate commerce.

    3.    At all relevant times, Defendant and/or Defendant's predecessors in interest were and are regularly and systematically conducting their business activities within the jurisdiction of this Court, as a common carrier of interstate and intrastate commerce and were engaged in interstate commerce and transportation.

    4.    Defendant, its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the past maintained and presently maintain headquarters and a principal place of

business within the City of New York, and/or maintained sales offices within the City of New York, and/or transacted business within the City of New York.

5. At all times material hereto and for some time prior thereto, Plaintiff was in the employ of Defendant working as a Red Cap, in furtherance of the carrier's business of interstate commerce and transportation by railroad.

## JURISDICTION AND VENUE

6. This is an action arising under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*. ("the FELA"), to recover damages for personal injuries sustained by Plaintiff Dora Lendos while employed by Defendant Amtrak.

7. This Court has jurisdiction and venue of this matter pursuant to 45 U.S.C. §56.

## COUNT I

8. On or about September 13, 2021, Plaintiff was in the performance of her duties as a Red Cap working for Amtrak at New York Penn Station.

9. On said date, Plaintiff was steadily busy assisting passengers with their luggage, making several trips to and from trains at Penn Station. While loading Train 85, Plaintiff lifted a passenger's bag in order to load it into the overhead compartment, but had no warning or notice that it was extremely heavy—so that when she lifted it as she was trained to do, it instead shifted awkwardly and fell back down on to Plaintiff.

10. This incident caused Plaintiff to suffer serious and disabling injuries to her knees, back, and neck, *inter alia*.

11. The injuries to Plaintiff were due in whole or in part to the negligence of Defendant Amtrak, its agents, servants, or employees acting in the course and scope of their employment. Plaintiff's accident, injuries, and damages as herein-described resulted from breaches of the duties

owed by Defendant Amtrak to Plaintiff under the FELA as follows:

    a. In that Amtrak failed to provide Plaintiff with a reasonably safe place in which to work;

    b. In that Amtrak failed to provide its employees with reasonable equipment (baggage lift, etc.) to safely load and store passenger luggage;

    c. In that Amtrak failed to properly train or to provide adequate instructions to its employees regarding the proper methods of stowing luggage on trains;

    d. In that Amtrak failed to warn Plaintiff of the dangers to which it was exposing her;

    e. In that Amtrak failed to provide Plaintiff with a safer alternative method to perform her job duties, requiring Plaintiff to lift an awkward and extraordinarily heavy load to the overhead bin, with no notice or warning regarding the weight of the load, thereby effectively "setting her up to fail;"

    f. In that Amtrak forced Plaintiff to work in unsafe working conditions (i.e., required lifting of unweighed, unmarked, awkward and/or heavy items without warning, notice, or manual or mechanical assistance);

    g. In that Amtrak failed to properly label heavy baggage to prevent injury to its employees, including Plaintiff;

    h. In that Amtrak failed to enforce its own weight limit restrictions on passenger luggage;

    i. In that Amtrak failed to properly monitor and weigh passenger luggage and provide employees, including Plaintiff, with an adequate number of scales in its Stations to allow employees to weigh passenger luggage before attempting to awkwardly lift them above their heads;

    j. In that Amtrak failed to promulgate and/or implement reasonable policies and procedures to protect its employees, including Plaintiff;

    k. In that Amtrak failed to adequately test and/or inspect the workplace for hazards involved with assisting passengers with baggage;

    l. In that Amtrak failed to operate according to the applicable federal rules and regulations;

    m. In that Amtrak failed to issue appropriate warnings to its employees, including Plaintiff, in regard to heavy baggage;

    n. In that Amtrak failed to ensure safe working conditions while Plaintiff was performing her duties in the manner prescribed by Defendant;

    o. In that Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances; and

    p. Other acts or omissions which may be proven at or before trial in this matter.

12. Plaintiff's injuries resulted from the negligence of Defendant Amtrak as enunciated above, without any fault or negligence on the part of Plaintiff contributing thereto.

## COUNT II

13. Plaintiff re-avers all prior paragraphs of her Complaint, as if copied herein *in extenso*.

14. On or about June 15, 2019, Plaintiff was in the performance of her duties as an Usher working for Amtrak in Washington, DC.

15. On said date, Plaintiff was tasked with providing several wheelchairs to multiple passengers who had requested them. Unable to push more than one wheelchair at a time, and without additional assistance available from other Amtrak employees, Plaintiff was forced to load the wheelchairs on to a cart for transport. When Plaintiff lifted a wheelchair on to the cart, she immediately felt a pain in her back.

16. The incident caused Plaintiff to suffer serious injuries to her back, *inter alia*.

17. Plaintiff's accident, injuries and damages as herein-described resulted, in whole or in part, from breaches of the duties owed by Defendant Amtrak to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*, as follows:

    a. In that Amtrak failed to provide Plaintiff with a reasonably safe place in which to work;

    b. In that Amtrak failed to provide its employees with reasonable equipment with which to lift heavy objects;

    c. In that Amtrak failed to properly train or to provide adequate instructions to its employees regarding the proper methods of loading wheelchairs onto carts;

    d. In that Amtrak failed to warn Plaintiff of the dangers to which it was exposing her;

    e. In that Amtrak forced Plaintiff to work in unsafe working conditions (i.e., required lifting of heavy and unwieldly items without manual or mechanical assistance);

    f. In that Amtrak failed to provide adequate manpower to assist with lifting heavy and unwieldly items;

    g. In that Amtrak failed to promulgate and/or implement reasonable policies and procedures to protect its employees, including Plaintiff;

    h. In that Amtrak failed to operate according to the applicable federal rules and regulations;

    i. In that Amtrak failed to ensure safe working conditions while Plaintiff was performing her duties in the manner prescribed by Defendant;

    j. In that Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances; and

    k. Other acts or omissions which may be proven at or before trial of this matter.

18. As a result of Defendant's aforesaid negligence, Plaintiff was caused to suffer severe and permanent debilitating injuries to her knee, back, and neck, *inter alia*, which have required Plaintiff to undergo extensive treatment, including surgery. Plaintiff sustained serious and permanent physical injuries, and has suffered, and will continue to suffer into the future great physical pain and mental anguish. Plaintiff's earning capacity has been diminished or destroyed, and Plaintiff has lost, and may in the future lose substantial time from employment with a significant loss of earnings therefrom. Plaintiff has incurred, and may in the future, incur expenses for medical and related treatment.

19. Plaintiff avers that, at the time of the accident and concomitant injuries, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery for all sums reasonable in the premises for the following items:

    a. Physical pain and suffering, past and future;

b. Mental anguish, past and future;

c. Loss of enjoyment of life, past and future;

d. Scarring;

e. Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

f. Unpaid medical expenses, past and future.

**WHEREFORE**, Plaintiff Dora Lendos demands judgment in her favor and against Defendant, National Railroad Passenger Corp. for compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

Respectfully Submitted,

**FLYNN & WIETZKE, PC**

By: _/s/ Marc Wietzke_
MARC WIETZKE
1205 Franklin Avenue, Suite 370
Garden City, NY  11530
Telephone: (516) 877-1234
Facsimile: (516) 877-1177
E-mail:  *MWietzke@FELAattorney.com*

AND

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**
**C. Perrin Rome, III, Esq.**
Blake G. Arata, Jr., Esq.
Jason C. MacFetters, Esq.
650 Poydras Street, Suite 2017
New Orleans, LA 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail:  *Prome@romearata.com*